IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP VASTO, ZAO YANG, ALEX TORRES, and XIAOJ ZHENG, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15 C 6503 |
| CREDICO (USA) LLC, CROMEX INC., JESSE YOUNG, and MEIXI XU, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This proposed combined class and collective action has come to this Court's calendar via the computerized random assignment system employed in this District Court. As for the collective action component of the Complaint, it is advanced under the federal Fair Labor Standards Act ("Act"), while the tacked-on class claims are brought under the state laws of New York and Arizona, with federal jurisdiction dependent on the supplemental jurisdiction provisions of 28 U.S.C. § 1367. This memorandum order is issued sua sponte because of what plainly appears to be the problematic assertion of both sets of claims in this judicial district.

All four individual plaintiffs reside in New York and are alleged to have worked for "Defendants"[1] in that state, with one of the four also having worked for "Defendants" in Phoenix, Arizona (as to all four plaintiffs, see Complaint ¶¶ 6-9). One corporate defendant is a New York

---

[1] That collective term is employed throughout the Complaint, a practice that fails to disclose the limited at best (or nonexistent at worst) connection of this action to this Illinois situs.

corporation with its principal place of business in that state (Complaint ¶ 14[2]), while both individual defendants, one of whom is the owner and manager of that corporation (Complaint ¶ 16) and the other is the president of Credico (USA) LLC ("Credico," the other corporate defendant) (Complaint ¶ 15) are also New York residents.  There is only a single lonely reference to Illinois in the entire 23 page, 85 paragraph Complaint -- here is Complaint ¶ 13:

> Defendant Credico (USA) LLC ("Credico"), is a Delaware corporation with its principal place of business located at 525 W. Monroe Street, Suite 2350, Chicago, Illinois 60661.

Although federal complaints are generally accepted as the plaintiffs frame them for purposes of threshold analysis, it does no violence to that principle to recognize that 525 West Monroe Street is an office building and that the presence of the single defendant Credico in an office suite in that building simply does not support the institution of this action in this judicial district.  Just to read the Complaint, which describes the business involved in Complaint ¶¶ 17[3]-31 followed by an individualized description of two plaintiffs' activities while working in New York, and which then couples some counts under the Federal Act (having no relation to Illinois) and then some counts under New York's Labor Law and under some corresponding Arizona statutes, reveals that it does not at all satisfy the venue requirement of 28 U.S.C. § 1391(b)(2):[4]

---

[2] In a display of real sloppiness and of a failure to look at one's work product before letting it go out of the office, counsel here have followed Complaint ¶ 19 with a second set of allegations that bear the repeated numbers 13 through 19.  Any reader of this opinion who tries to locate a cited paragraph of the Complaint therefore has to be careful to locate the right version.

[3] This and later references are to the <u>first</u> Complaint ¶ 17.

[4] Neither of the other two subsections of that statute is even arguably implicated by the current action.

a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. . . .

Nor does this single reference to what Credico does save the day for plaintiffs and their counsel (Complaint ¶ 17):

Defendant Credico, on its own and through various entities operated by Credico, including CroMex, provides its clients with face-to-face sales and marketing services through its team of workers located throughout the country.

In candor, it appears to be a real imposition on this District Court for plaintiffs' counsel to have launched this action here. Counsel is ordered to appear at an initial status hearing at 9 a.m. August 3, 2015 to explain the predicate for having done so.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 28, 2015